UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**STEIN & NIEPORENT LLP**
David Stein (DS 2119)
1441 Broadway, Suite 6090
New York, New York 10018
(212) 308-3444

Attorneys for Defendant

| | |
|---|---|
| Michael Saunders, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>          - vs. –<br><br>Matawana LLC,<br><br>    Defendant. | DOCKET NO. 24-cv-7123 (JLR) (JW)<br><br>**ANSWER** |

Defendant Matawana LLC, by and through its undersigned attorneys, answers the complaint of plaintiff Michael Saunders as follows:

## INTRODUCTION

1. Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same.

2. Defendant admits that it is a company organized under the laws of the state of New York, and admits that it owns and maintains the specified website that allows consumers to buy its products

3. Defendant admits that plaintiff purports to assert those claims but denies that the claims have merit.

4. This paragraph contains no allegations about defendant that need be admitted or denied. To the extent a response is required, defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same.

5. This paragraph contains no allegations about defendant that need be admitted or denied. To the extent a response is required, defendant admits that such laws exist but deny that the vague description of them by plaintiff represents a precise description of their requirements.

6. Defendant admits that plaintff seeks the speecified relief but denies plaintiff's entitlement to it. Any implication that the website is inaccessible is denied.

**JURISDICTION AND VENUE**

7. Admitted that the court has subject-matter jurisdiction over cases brought under the specified federal statute, but denied on the grounds that plaintiff lacks standing to assert these claims.

8. To the extent that the Court has jurisdiction over the federal claims, defendant admits it would have supplemental jurisdiction over the state claims.

9. Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph relating to plaintiff, and therefore denies same. The remaining allegations of this paragraph are denied.

10. Defendant admits that it is a company organized under the laws of the state of New York, and that it does busines at the specified address. The remaining allegations of this paragraph are denied, except admitted that its website allows New York residents to conduct business.

11. Denied.

12. Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph relating to plaintiff, and therefore denies same. The allegations relating to the website are denied..

13. This paragraph contains no allegations about defendant that need be admitted or denied. To the extent a response is required, the Department of Justice's statements speak for themselves.

14. Admitted.

## **NATURE OF THE ACTION**

15. This paragraph contains no allegations about defendant that need be admitted or denied.

16. This paragraph contains no allegations about defendant that need be admitted or denied. To the extent a response is required, defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same.

17. This paragraph contains no allegations about defendant that need be admitted or denied. To the extent a response is required, defendant is

without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same.

18. This paragraph contains no allegations about defendant that need be admitted or denied. To the extent a response is required, defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same.

19. This paragraph contains no allegations about defendant that need be admitted or denied. To the extent a response is required, defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same.

20. Admitted that the specified guidelines have been published. Denied that the guidelines are universally followed or that they are required to be. The remaining allgations of this paragraph are denied.

21. This paragraph contains no allegations about defendant that need be admitted or denied. To the extent a response is required, defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same.

22. This paragraph contains no allegations about defendant that need be admitted or denied. To the extent a response is required, defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same.

## STANDING

23. Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same.

24. This paragraph contains no allegations about defendant that need be admitted or denied. To the extent a response is required, defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same, but admits that plaintiff has accurately, but only partially, quoted a court opinion.

25. Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph relating to plaintiff, and therefore denies same.  The allegations of this paragraph relating to the website are denied.

26. Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph relating to plaintiff, and therefore denies same.

27. Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph relating to plaintiff, and therefore denies same.

28. Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph relating to plaintiff, and therefore denies same.

29. Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph relating to plaintiff, and therefore denies same. The allegations regarding accessibility barriers on the website are denied.

30. Admitted.

31. Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same, but denies that the WCAG contain any "requirements."

32. Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph relating to plaintiff, and therefore denies same.

33. Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph relating to plaintiff, and therefore denies same. The allegations of this paragraph relating to the website are denied.

34. Admitted.

35. Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph relating to plaintiff, and therefore denies same. The allegations of this paragraph relating to the website are denied.

36. Denied.

37. Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph relating to

plaintiff's counsel, and therefore denies same. The documents referenced in this paragraph speak for themselves, but defendant denies that these documents describe "violations of the ADA."

38. Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph relating to plaintiff, and therefore denies same. The allegations of this paragraph relating to the website are denied.

39. Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph relating to plaintiff, and therefore denies same. The allegations of this paragraph relating to the website are denied.

40. Defendant denies that the vague description of "the law" contained in this paragraph is accurate, denues that plaintiff has been injured, and denies all aallegations relating to the website.

41. Denied.

42. Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph relating to plaintiff, and therefore denies same.

43. Defendant admits that plaintiff makes those allegations but denies that they have merit.

44. Denied.

45. Admitted that plaintiff has accurately, though only partially, quoted a statute.

46. Defendant admits that plaintiff seeks the specified relief but denies plaintiff's entitlement to it.

47. Denied.

48. Admitted that defendant has invested sums in its website. The remaining allegations of this paragraph are denied.

## CLASS ACTION ALLEGATIONS

49. Admitted that plaintiff seeks to certify such a class. Denied that plaintiff is entitled to do so.

50. Admitted that plaintiff seeks to certify such a subclass. Denied that plaintiff is entitled to do so.

51. Admitted that the first two of the cited questions are common; denied that the last two are.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

## FIRST CAUSE OF ACTION
### (VIOLATION OF 42 U.S.C. § 12182 *et seq.*)

57. Defendant repeats, reiterates, and incorporates by reference its responses to all allegations in all preceding paragraphs 1-56 as if fully set forth herein.

58. Admitted that plaintiff has accurately, though only partially, quoted a statute.

59. This paragraph contains legal argument that need not be admitted or denied. To the extent a response is required, the allegations of this paragraph are denied.

60. Admitted that this is generally an accurate summary of the law, subject to various statutory defenses and exceptions.

61. Admitted that plaintiff has accurately, though only partially, quoted a statute.

62. Denied.

63. Defendant admits that plaintiff seeks the specified relief, but denies plaintiff's entitlement to it.

## SECOND CAUSE OF ACTION
## (VIOLATIONS OF THE NYCHRL)

64. Defendant repeats, reiterates, and incorporates by reference its responses to all allegations in all preceding paragraphs 1-63 as if fully set forth herein.

65. Admitted that plaintiff has accurately, though only partially, quoted a statute.

66. Defendant denies that it has a physical establishment at the specified address.

67. This paragraph contains legal argument that need not be admitted or denied. To the extent a response is required, the allegations of this paragraph are denied.

68. Denied.

69. Admitted that plaintiff has accurately, though only partially, quoted a statute.

70. Denied.

71. Denied.

72. Denied.

73. Defendant admits that plaintiff seeks the specified relief, but denies plaintiff's entitlement to it.

74. Denied.

75. Denied.

76. Defendant admits that plaintiff seeks the specified relief, but denies plaintiff's entitlement to it.

### THIRD CAUSE OF ACTION
### (VIOLATIONS OF THE NYSHRL)

77. Defendant repeats, reiterates, and incorporates by reference its responses to all allegations in all preceding paragraphs 1-76 as if fully set forth herein.

78. This paragraph contains legal argument that need not be admitted or denied. To the extent a response is required, the allegations of this paragraph are denied.

79. Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same.

80. Defenadnt admits that owns and operates the specified website. The remaining allegations of this paragraph are denied.

81. Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph relating to

plaintiff, and therefore denies same. The allegations of this paragraph relating to the website are denied.

82. Admitted that plaintiff has accurately, though only partially, quoted a statute.

83. Admitted that plaintiff has accurately, though only partially, quoted a statute.

84. Denied.

85. Denied.

86. Admitted that the specified guidelines have been published. Denied that the guidelines are universally followed or that they are required to be. The remaining allgations of this paragraph are denied.

87. Denied.

88. Denied.

89. Denied.

**FOURTH CAUSE OF ACTION**
**(VIOLATIONS OF THE NYS CIVIL RIGHTS LAW)**

90. Defendant repeats, reiterates, and incorporates by reference its responses to all allegations in all preceding paragraphs 1-89 as if fully set forth herein.

91. Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same, but denies there is any "Exhibit 1."

92. Admitted that this is generally an accurate summary of the law, subject to various statutory defenses and exceptions.

93. Admitted that this is generally an accurate summary of the law, subject to various statutory defenses and exceptions.

94. Admitted that this is generally an accurate summary of the law, subject to various statutory defenses and exceptions.

95. Denied.

96. Denied.

97. Denied.

98. Admitted that plaintiff has accurately, though only partially, quoted a statute.

99. Defendant admits that plaintiff seeks the specified relief, but denies plaintiff's entitlement to it, and denies the existence of any subclass seeking such relief.

## FIFTH CAUSE OF ACTION
## (DECLARATORY RELIEF)

100. Defendant repeats, reiterates, and incorporates by reference its responses to all allegations in all preceding paragraphs 1-99 as if fully set forth herein.

101. Admitted.

102. Denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff lacks standing to bring these claims.

2. Plaintiff's allegations fail to state a claim upon which relief may be granted.

3. Plaintiff's claims are barred by the doctrine of unclean hands.

4. The court should not exercise supplemental jurisdiction over the non-federal claims in this suit.

5. The relief sought by plaintiff is not required by law and would impose an undue burden on defendant.

6. Plaintff is not entitled to the relief sought because fixing the barriers alleged in the Complaint, would, if granted, result in a fundamental alteration of defendant's services.

7. Plaintiff was not a bona fide customer of defendant's.

8. Plaintiff had effective access to the website; any alleged barriers encountered on the site were de minimis.

9. Plaintiff's claims are barred because defendant was ready and willing to accommodate plaintiff's alleged disability by providing access via alternative methods, but plaintiff never asked for nor sought any assistance.

10. Plaintiff's claims are barred because defendant provided, and/or was willing to provide, equivalent facilitation with respect to any barriers alleged in the complaint.

11. Plaintiff's claims are barred because defendant was willing to make reasonable modifications to its policies, practices, and/or procedures to accommodate plaintiff's alleged disability, but plaintiff never asked for nor sought any such modifications.

12. Plaintiff's claims are barred because any action taken with respect to plaintiff was for legitimate, non- discriminatory business reasons unrelated to plaintiff's alleged disability or other asserted protected status.

13. Plaintiff is barred from recovery by reason of the fact that plaintiff has not sustained any damages whatsoever resulting from the actions or inactions of defendant.

14. Part or all of plaintiff's damages — if any — are the result of plaintiff's failure to mitigate damages.

15. Plaintiff's claims are barred, in whole or in part, because defendant acted reasonably and in good faith at all times relevant to this lawsuit.

16. Plaintiff's claims are moot because defendant's website complies with any and all applicable standards.

17. Plaintiff is not entitled to statutory or punitive damages or fines under the applicable laws.

18. Plaintiff is unable to satisfy the criteria for maintaining a class action. The potential class and subclasses are not numerous or ascertainable. The questions of law or fact are not common to the potential class or subclasses. The claims of the plaintiff are not typical of the claims of the potential class or subclasses. The interests of the potential class and subclasses will not be fairly and adequately represented. Individual issues predominate over common issues.

19. Plaintiff's claims are barred under the doctrines of ripeness/lack of due process because the Department of Justice has not yet issued any accessibility standards for websites.

20. Plaintiff's claims are barred under the doctrine of primary jurisdiction because the Department of Justice has yet to promulgate any standards and/or regulations applying to website accessibility.

21. In addition to the foregoing defenses, defendant reserves the right to amend its Answer to raise any and all other additional affirmative and other defenses that may become evident during discovery and during any other proceeding in this action or pursue any available counterclaims against plaintiff as those claims become known during this litigation.

Wherefore, defendant respectfully demands judgment against plaintiff dismissing all counts of the Complaint, and awarding attorneys' fees, costs and disbursements, and such other, further, and different relief as the Court may deem just and proper.

Dated: December 26, 2024

_____
David Stein
STEIN & NIEPORENT LLP
1441 Broadway, Suite 6090
New York, New York 10018
(212) 308-3444

Attorneys for Defendant