# Joseph & Norinsberg LLC
## Fighting for Employee Justice

**Downtown Manhattan Office**
One World Trade Center, 85th Floor
New York, NY 10007

**Midtown Manhattan Office**
110 East 59th Street, Suite 2300
New York, New York 10022

**Newark Office**
One Gateway Center, Suite 2600
Newark, New Jersey 07102

**Philadelphia Office**
1650 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103

**Boston Office**
225 Franklin Street, 26th Floor
Boston, Massachusetts 02110

**Orlando Office**
300 N. New York Ave, Suite 832
Winter Park, Florida 32790

**Jon L. Norinsberg, Esq.**
jon@norinsberglaw.com

December 27, 2024

**VIA ECF**
Hon. Jennifer L. Rochon
United States District Court Judge
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street, Room 20B
New York, N.Y. 10007-1312
(212) 805-0204

    Re:    ***Saunders v. Matawana, LLC***
                *Case No. 1:24-cv-7123 (JLR)(JW)*
                <u>**Joint Status Letter**</u>

Dear Judge Rochon:

      We represent Plaintiff Michael Saunders ("Plaintiff") in the above-referenced Americans with Disabilities Act ("ADA") matter against Defendant Matawana, LLC ("Defendant") (collectively, the "Parties"). Together with Defendant's counsel, we submit this joint letter in accordance with this Court's Order issued on September 20, 2024 (ECF Doc. 4).

      Pursuant to this Court's Order, the Parties have conferred on multiple occasions since the Notice of Appearance by Defendant's counsel, David Stein, Esq., was filed on November 14, 2024 (Dkt. 9). During these discussions, the potential resolution of the pending matter has been a central focus. Although we have not yet reached a settlement, there is a reasonable probability that we will be able to do so in the near future.

      We have engaged in detailed discussions to address the pertinent issues of this case. These discussions have been constructive and are aimed at finding a mutually agreeable resolution that would be fair and equitable for both parties. Given the progress made during these negotiations, we remain optimistic about reaching a settlement that would obviate the need for further judicial

7

intervention.

Plaintiff asserts that we believe the active Complaint clearly meets the recent Second Circuit decision in *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 77-78 (2d Cir. 2022); and *Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 443-44 (2d Cir. 2022). the complaint is more than sufficiently detailed to comport with the requisite elements, including, "(1) when Plaintiff attempted to access to the website, (2) what Plaintiff was attempting to do on the website, (3) the specific barriers that prevented Plaintiff from gaining access, and (4) how Plaintiff intended to utilize the website in the future." *See, Loadholt v. ShirtSpace*, 2023 U.S. Dist. LEXIS 36924, at *5-6 (S.D.N.Y. Mar. 6, 2023) Defendant, in contrast, believes that it is unlikely that the complaint is sufficient to satisfy the *Calcano* standard, in that the relevant allegations are vague and conclusory, but to the extent the complaint is sufficient, expects that preliminary discovery will reflect plaintiff's lack of standing.

However, to ensure that the resolution process remains on track, we propose a brief adjournment of the Initial Case Conference and all associated hearings for 45-days. This will allow the Parties additional time to discuss potential terms of an agreement without imposing unnecessary demands on the Court's schedule and resources. Should the parties not reach an agreement, we concede to the assignment of this case to mediation (or to proceed with an initial status conference.)

Sincerely,

_____
Arjeta Albani, Esq.
Attorney for Plaintiff
110 East 59th Street, Suite 2300
New York, New York 10022
Tel. No.: Tel: (212) 791-5396
Fax No.: (212) 406-6890
Arjeta@employeejustice.com

c.c.

Stein & Nieporent, LLP
David Stein, Esq.
1441 Broadway, Suite 6090
New York, NY 10018
New York, NY 10018
(212) 308-3444

7